Rix et al. v. Stubblefield.

EVIDENCE.—Where the mere intentions of a party accompanied by no overt acts, will seriously affect the rights of a third party, such intentions should not be inferred from slight circumstances, but ought to be proved by a clear preponderance of evidence. Where the verdict is so clearly against the evidence that manifest injustice has been done, it is the duty of the court to grant a new trial.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 7, 1883.

Mr. WILLIAM E. HUGHES, for plaintiffs in error; that under our statute, a distress warrant and amended distress warrant stand simply as a declaration and amended declaration, and special damages must be specially pleaded, cited Woodworth v. Woodburn, 20 Ill. 145; Howe v. Sullivan, 83 Ill. 30; Adams v. Gardner, 78 Ill. 568.

The time of performance may be extended by parol without a new consideration: North v. Kiser, 72 Ill. 172; Baker v. Whiteside, Breese, 174; Suydam v. Jones, 10 Wend. 180; Barnard v. Darling, 11 Wend. 27; Blood v. Hardy, 15 Me. 61; Low v. Forbes, 18 Ill. 569.

A party is not allowed to discredit his own witness: Hill v. Ward, 2 Gilm. 285; Griffin v. Chicago, 57 Ill. 317.

Mr. THOMAS F. TIPTON and Mr. HARRY V. TIPTON, for defendant in error; that where by the terms of the lease the rent becomes due before the expiration of the term a party is under no obligation to wait until the end of the term before he distrains, cited Atkins v. Byrnes, 71 Ill. 326; Buckley v. Taylor, 2 Tenn. 600; Russel v. Doty, 4 Cowen, 576.

Defendant could properly distrain for damages sustained by reason of agreements in lease even although the court may not deem this strictly rent: Pollitt v. Forrest, 11 Q. B. 459; Rawlston v. Clark, 2 H. B. 563.

As to pleadings in cases of distress for rent: 1 Chitty on Pl. 502; Alwood v. Mansfield, 33 Ill. 456; Cox v. Jordan, 86 Ill. 560.

As to instructions: Kirby v. Wilson, 98 Ill. 240.

HIGBEE, J. Defendant in error leased to William and John Rix two hundred and sixty four acres of farm land in McLean county for five years commencing on the 1st day of March, 1881, for an annual rent of sixteen and one half bushels of corn for each acre, *i. e.* four thousand three hundred and fifty-six bushels per year, to be delivered to C. C. Aldrich, at McLean, on the 1st day of February of each year.

On the 9th day of August, 1881, the landlord distrained all the crops growing and grown on the premises that year, for the rent to become due the following February, for the

alleged reason that one John Homuth, a sub-tenant of plaintiffs in error was about to remove from the demised premises twelve or fifteen acres of oats, standing in the shock and raised by him on said premises.

The distress warrant was filed in the McLean Circuit Court where a trial was had at the following September term, resulting in a verdict for the tenants; a new trial was granted and the cause again heard at the April term, 1882, when a judgment was rendered in favor of the landlord, from which a writ of error is prosecuted to this court by the tenants.

The principal assignment of error relied upon to reverse the judgment, questions the sufficiency of the evidence to maintain the verdict of the jury.

Section 34 of Chapter 30, R. S. 1880, provides: "That if any tenant shall, without the consent of his landlord, sell and remove, or permit to be removed, or be about to sell and remove, or permit to be removed from the demised premises such part or portion of the crops raised thereon, as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid, it shall and may be lawful for the landlord to institute proceedings by distress before the rent is due."

It may be conceded that the crops raised on the premises in 1881, either by reason of bad husbandry or bad crop season, or both, had partially failed, and that the whole crop was insufficient to secure the rent, but it is denied by plaintiffs in error that they or their sub-tenant, Homuth, or either of them was about to sell and remove or permit to be removed from said premises any part of said crops without the consent of the landlord.

The facts relied upon to show that Homuth was about to remove the oats raised by him from the premises, without the consent of defendant in error, are, that on Monday or Tuesday, before the distress warrant was levied, he made an arrangement with one Wineard, and other neighbors, by which they agreed to assist each other in threshing; that a machine had been engaged, and Wineard's grain threshed on Thursday, and Homuth said he would haul the oats to his house where he resided, on a farm adjoining the demised premises,

and thresh on the next Monday. On Saturday, and before any part of the oats had been removed, the distress warrant was issued and levied on all the crops of plaintiffs in error and Homuth on the premises.

It is not claimed that the plaintiffs in error had themselves sold or removed, or were about to sell or remove any part of the crops from the premises, or that they had done any act which would justify the distraint of their crops before the rent was due; they each testify that they had not consented to any removal of such crops or any part thereof by Homuth, nor had they, or either of them, any knowledge or reason to believe that he contemplated any such removal. Homuth admits that he had made partial arrangements for a machine and help to thresh his oats, but denies that he had engaged to thresh the next Monday, or that he expected to do so. He also expressly denies that he intended to remove the oats from the premises without the consent of his landlord, but on the contrary, he testifies that he intended to see his landlord in reference to the removal before hauling the oats off, but was prevented by the levy.

There is no evidence tending to show that Homuth was attempting to defeat the lien of Stubblefield. The most that he had thought of doing, was to haul the oats to his house on an adjoining farm, where they would have been still subject to the lien, whether stacked or threshed, and even this could not have been done without the knowledge of Stubblefield. True, he had no right to make this removal without consent, but these are important facts in considering the weight to be given to his statement, that he did not intend a removal without consent of the landlord.

No part of the crop had been removed, and the tenant himself swears that he intended to see Stubblefield in reference to the removal before it was made, and did see him on the following Monday, when he was informed that defendant had already distrained.

Notwithstanding all this evidence, the jury have seen proper to infer, from the mere fact that Homuth was making arrangements to haul his oats to his house and thresh them at

some time in the near future, that he intended to remove them without Stubblefield's consent. This finding in reference to the few acres of oats, raised by Homuth, is the justification for distraining all the crops on the two hundred and sixty-four acres of land, nearly six months before the rent was due, not only as against him, but against plaintiffs in error.

Where the mere intentions of a party, accompanied by no overt acts, are so seriously to affect the rights of third parties, such intentions should not be inferred from slight circumstances, but ought to be proven by a clear preponderance of the evidence. Where the verdict is so clearly against the evidence that manifest injustice has been done, it is the duty of the court to grant a new trial. Such, we think, is the case before us.

Judgment reversed and cause remanded.

Reversed.

DAVIS, P. J., dissenting.